STEWART and another v. TENK and another.

(*Circuit Court, S. D. Illinois.* November 8, 1887.)

PATENTS FOR INVENTIONS—ISSUE OF LETTERS—JOINT INVENTION.
    Where the evidence showed that patent No. 140,315, June 24, 1873, of an apple paring and coring machine was issued to two patentees jointly, but that the whole machine was made up of about 12 different claims for a patent, and that one of these was invented by one of the patentees alone, a joint patent on such claim and part of the machine is invalid.

*George A. Anderson*, for complainants.
*John R. Bennett*, for defendants.

GRESHAM, J.   John Stewart and Will Campbell obtained letters patent No. 140,315, on June 24, 1873, for a joint invention for certain new and useful improvements in machines for paring, slicing, coring, and dividing apples, and other fruit.   The invention consists—

"*First*, in providing the said device with a paring-knife, so operated as to remove the skin of the fruit from all parts thereof outside of the parts operated upon by the coring-knife; *second*, in conjunction with said paring-knife, providing a convex anti-friction roller, to prevent any friction upon the device by the fruit, when being operated upon; *third*, in providing the arm upon which said paring-knife is mounted, with the segment of a cogged guide or flattened sphere, so formed as to enable the said paring-knife to operate upon a line describing one-half of the periphery of the vertical central plane of an ordinary-shaped apple; *fourth*, in providing said segmental cog with a yielding ratchet to assist the rotation of the cog and the preservation of an even pressure of the paring-knife upon the fruit; *fifth*, in providing said device with a coring-knife, which is so arranged that its cutting edge comes in contact with the parts of the fruit about the core with a draw-cut; *sixth*, in providing said device with a double-spiral fork for securely holding the fruit."

The twelve claims in the patent are for the machine as a combination, and for separate and distinct portions of it as separate and distinct inventions.   The bill charges infringement of the tenth claim only which reads as follows: "The combination of the arched coring-knife, I, and slicing-knife, H, substantially as shown and described."

It is insisted by the defendants' counsel that Stewart alone invented the arched coring and slicing-knife; and that, therefore, a joint patent for this distinct invention was unauthorized.   Stewart testified that he conceived the idea of combining the slicing and arched coring-knife as it is described in the patent; and that he gave instructions to Campbell how to make the knife.   He further testified that certain other parts of the combination, which are covered by separate claims in the patent, were invented by him; while other parts were invented by Campbell. Campbell was also examined as a witness, but his testimony on these points did not differ materially from Stewart's.

Stewart and Campbell were entitled to a joint patent for what they jointly invented.   It may be that their minds co-operated in combining the different parts which resulted in the production of the complete machine, but a joint patent can be sustained only for a joint invention; and the evidence shows that Campbell did not contribute to the invention covered by the tenth claim.   Stewart was the sole inventor of the slicing and coring-knife, and the patent for that, as a separate and distinct part of the machine, should have been issued to him alone.   *Worden* v. *Fisher*, 11 Fed. Rep. 505; *Bunging App. Co.* v. *Woerle*, 29 Fed. Rep. 450.

The bill is dismissed for want of equity.